Thank you your honor and may it please the court. My name is Stephanie Adraktis and I represent the appellant John Wilson. I'd like to reserve if possible two minutes for my rebuttal. I'll try to help you. Mr. Wilson entered no contest pleas during a rushed and confusing hearing where he was suffering from serious mental health symptoms. He was confused and his judgment was impaired both before and during the plea hearing. An unbiased expert witness stated that Mr. Wilson did not have the capacity to make a coherent or logical decision at the time of the plea hearing. As a result his pleas were not knowing voluntary and intelligent as required under Boykin and other federal constitutional cases. Let me ask you this. How is it objectively unreasonable for the California court to give more weight to Wilson's direct assurances on the record that he was entering the plea knowingly and voluntarily than Dr. Wilcox's assertion? Why can't reasonable minds differ about that competing testimony? Your honor in this particular case that finding was objectively unreasonable and one reason is because the state court said that the trial judge had a superior opportunity to evaluate Mr. Wilson's mental state. That was the reasoning that they actually used in the opinion and that was objectively unreasonable under the facts of this case. Dr. Wilcox had been seeing Mr. Wilson weekly for 25 weeks or more and had spoken to him directly one-on-one and privately for about 15 minutes just prior to the plea hearing. The plea hearing judge made no inquiry about Mr. Wilson's specific mental state. But the plea hearing judge went through very very carefully the facts, the requisite questions for determining voluntariness and that your client knew what he was doing in a complicated case but in a very what appeared to me to be a very thoughtful complete manner. And I think you'd have a lot of trouble here even if there weren't edpedeference but with edpedeference how can we possibly find that the last reason decision either got the law wrong or unreasonably determined facts. I just have a lot of trouble seeing that given the nature of the colloquy and the findings of the replacement judge on remand. Your Honor, even under an edpedeferential standard there were serious flaws with this plea colloquy. Although the judge asked formula standard questions of Mr. Wilson during the hearing, if you read the transcript closely there are serious problems with this colloquy. The charging document, the first amended complaint was orally amended just moments before the plea and the judge himself, the plea hearing judge was confused during the hearing about how many counts had been added, what they referred to and how which counts were to be dismissed and how the plea actually worked. Counsel, are you arguing that the amended charges were not correctly described to Mr. Wilson? In other words, did the judge not explain ultimately what he was charged with, what he was pleading to? Your Honor, at one point during the hearing the judge said well we're adding ten counts and they refer to the same time period and victim and charge as the first six. But then at excerpts of record 113, this is during the plea hearing, the judge said it is too many counts, there is only six dates. How can we have nine counts? Did I mishear you? And the judge himself was confused about what was happening and there are two problems here. One is that there was no written charging document setting forth these new charges. There was also no written plea agreement which is what you usually have in front of a defendant both before his plea and during the plea to make sure he really does understand what he's pleading to. But doesn't the colloquy make very clear how many years the defendant is likely to get and wasn't the defendant facing a choice between upon conviction a virtually certain life sentence and instead a chance to get out of jail someday? Isn't that what he was facing and wasn't it clear how many years he was going to get when he pled from the colloquy? Your honor, they did tell him that he was going to receive a 48 year sentence, but each of these counts matters and the new 10 counts were indistinguishable from this previous from six counts in the original complaint. But each new count 20 years of the 48 years accounted for two additional years of sentence and also it is true that the original charging document included nine enhancements of 15 to life. So yes, the trial court could have run those consecutively making the likelihood of release very, very unlikely if those enhancements had not been dismissed, but the same is true. Mr. Wilson was 41 at the time of this plea hearing. He received a 50 year sentence and he got two more years for a count that went to a bench trial. So he's not going to be released during his lifetime likely anyway. I mean, what benefit did he really get from this plea agreement is an important question here because a person who is looking at not a counselor, you sort of are making some arguments. It seems to be about the procedure itself, not about his competence and you don't have a freestanding claim. Do you that the proceeding was was unconstitutional in the sense of the charges were not properly stated? The sentence was not properly within state law, etc. Do you know your honor? Mr. Wilson did not raise a freestanding claim. However, the state courts relied on essentially the procedural regularity of the proceeding to overcome Mr. Wilson's very compelling evidence that he was mentally disturbed at the time of this hearing and couldn't understand the proceeding. Let me ask you further than about Dr. Wilcox because you started out by saying, well, you had an objective and unbiased something like that. But he was his therapist. This wasn't a court appointed person, was it? Your honor, he was a jail employee, so he was not retained by Mr. Wilson. He had developed a personal relationship more than a one off examination, which is what we usually see. That's true, your honor. Mr. Dr. Wilcox had seen Mr. Wilson more than 25 times. But unlike most situations, he wasn't hired by Mr. Wilson. I don't know what the procedure sort of is. Did the defense counsel know about it and know that he was there so that could have been called if the defense counsel wished? Is your honor referring to at the hearing on the motion for a new trial? I thought he was there at the plea. That's my first question is when I read it, I had a little trouble getting the scenario, but I take it that Wilcox was simply there for whatever reason. He wasn't called by anybody, but he was there and observed it. And then later he gives his opinion about it. Is that fair? That's true, your honor. He was present at the plea hearing, and then he met with Mr. Wilson after the plea hearing at the jail. And then he provided a sworn declaration with his opinion that Mr. Wilcox or Wilson. No reason you should know, but any particular reason that he was there at the plea hearing. I don't usually see that there is. That's true, your honor. It is unusual. There's no information in the record about why Dr. Wilcox attended the plea hearing. And that is something that could have been explored at an evidentiary hearing and should be explored at an evidentiary hearing on the claim. I mean, if that's a cause for concern, it's something that Mr. Wilcox could be or Dr. Wilcox could be questioned about. And there are some serious anomalies here. The second go around, though, that they did ask. The judge did ask about, you know, does anybody want to do anything? And the defense counsel, as I read it, said, well, if you want Wilcox, I'll go get him. But he didn't especially want Wilcox. Counsel, you're down to just a few seconds. We'll give you a little bit more time to respond to our colleagues afterwards. But let's go forward and hear from the government and then we'll come back to you for a bit of rebuttal. May I please the court? The state court's ruling here was a reasonable interpretation of the law and the facts. The state court reasonably found that appellant's plea was knowing, voluntary and intelligent. And this court court, of course, has to review that finding under the highly deferential and standard imposed by EDPAT. We look first to the voir dire here. It was a very full and complete voir dire. The defendant stated under oath that he had had enough time to talk to his counsel and that he understood the charges and the rights that he was giving up. Those statements under oath are entitled to a strong showing of veracity and reliability. In addition to that, we have defense counsel who was described as being exceptionally qualified and competent, who raised no concerns about his client's capacity. We have the prosecutor and the trial judge. There was absolutely no concerns raised by anybody. So this is a formidable barrier to overcome. Then we have the state court's findings that the trial court's recollection of what happened and description of what happened was more reliable than Dr. Wilcox's. And this, again, is supported by the record. There was a complicated plea here. The defendant didn't just plead to everything. He made sure that he didn't want to plead to the counts of lewd and lascivious conduct as to his daughter. He got a court trial on those. He didn't want to plead to counts as to a fifth victim. Those counts were dismissed. It was a complicated plea, and the trial court very carefully and very thoroughly went through all the complicated nature of it. The trial court was not confused by the oral amendments here. If you actually look at the plea colloquy on page 112 and 113 of the excerpt of record, the trial court says that it understands that there is these additional counts. The information is orally amended. The trial court says, and I'm quoting, and more specifically, I understand that the defendant will be pleading to all the counts except counts seven and nine, together with some additional counts to be added by oral amendment, specifically new counts 14 through 23. There was simply no confusion. That claim is not supported by the record. Finally, as the court found on remand, the defendant here was directly engaged with the court. So the court found on remand that the trial court's observations were more compelling than Dr. Wilcox, who was an observer at the time, the critical time that the actual plea was taken. The trial court here was engaged, didn't ask leading questions. There were some yes answers, some no answers, and the trial court made sure the defendant understood what was going on. So given this record, the trial court's determination on the facts was reasonable, and the trial court did reject the federal constitutional claim. Again, that was specifically rejected by the trial court. It's one of the arguments made in the reply brief. But if you look at page 43 of the excerpt of record, the trial court says the constitutional claims, which are premised on the plea being not voluntary, are without merit. Unless the court has any questions. Questions by my colleagues? Just for information, the fact or the practice that the jail psychiatrist was there at the plea, do you have any information on whether that regularly occurs or he just happened to want to see how things were going? There's nothing in the record here to indicate why he was there. He did speak to the defendant for about 15 minutes before the plea at the defendant's request. So it suggests that maybe he was there as a support person for the defendant, but there's nothing in the record that specifically says why he was there. Thank you. Any other questions? I think not. Counsel, thank you very much for your argument. We'll now hear a little bit of rebuttal from counsel for Mr. Wilson. Thank you, Your Honor. Counsel suggests that Mr. Wilson's responses during the plea hearing are reliable because he was under oath and there were no leading questions. But if you look at the plea transcript, there was no swearing in. And also the questions were clearly leading. They were asking questions that suggested an answer and he was saying yes or no. Let me ask you this. I confess it is very rare to have comments made by the court of appeal that the lawyer representing Wilson was, in quotes, extraordinarily competent and experienced. Most of the time, of course, we get IAC claims and the counsel are all represented as being basically bumbling idiots and incompetent. What role, if any, should that play in our decision where Mr. Wilson was represented by someone highly regarded, highly experienced, would watch out for anything like leading questions on what he thought was going to mislead his client? Should that play a role in our deliberations? Your Honor, I think the Marshall v. Lomberger case, the U.S. Supreme Court discusses the notion that when a person is represented by a lawyer at a plea hearing, one can assume that he was told about the nature of the charges. But it's only a presumption. It's not an absolute rule and it can be overcome by other evidence. And I think that applies equally when the person has a sterling reputation. In this case, we have a very unusual circumstance where essentially Mr. Wilson was ambushed by an oral amendment immediately before his plea. He didn't even receive a charging document until a month later. Doesn't that get back to what Judge Boggs mentioned? You don't seem to be arguing that the proceeding itself was unconstitutional and not yet. You seem to be arguing there's an ambush and basically due process violation. But we don't really get to that in this case, do we? We do because the state courts relied on the proceeding to say that Dr. Wilcox's declaration about mental health problems shouldn't be given great weight. They said, well, because this proceeding was so well done, essentially, we know that there was really not a problem. But Mr. Wilson didn't get two basic procedural benefits, one being a written plea agreement, the other being written notice of his charges at this plea hearing. Okay, let me ask if either of my colleagues have additional questions. If not, we thank both counsel for your help in this case. It's very helpful to us. The case of Wilson versus Nadeau is hereby submitted. So thank you both. When we're ready, we will now hear argument in the case of Montoya Garcia versus Barr.
judges: Boggs, M. Smith, Bennett